# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0396, <u>Richard Maville v. Mindy B. Maville</u>, the court on February 12, 2015, issued the following order:**

Having considered the briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Mindy Maville, appeals an order of the Circuit Court (<u>Spath</u>, J.) granting the request by the plaintiff, Richard Maville, to extend a domestic violence order of protection against her.  <u>See</u> RSA 173-B:5, IV (2014).  The trial court reasoned that "good cause exists and that the plaintiff still has present and reasonable fears for his safety and well-being" due to the defendant's actions when exchanging the parties' children and at the end of an April school break.

The defendant contends that the trial court erred and denied her due process by:  (1) requesting that the plaintiff testify, and allowing testimony, regarding certain acts that were not identified in detail in the petition; (2) allowing the proceeding to go forward on a petition she claimed to be "overly vague"; (3) limiting testimony to the three circumstances that the plaintiff claimed showed good cause for the extension; (4) failing to find that certain facts were barred by res judicata or collateral estoppel based upon a marital court proceeding; (5) limiting her cross-examination of the plaintiff and his witness and determining the credibility of witnesses without such cross-examination; (6) referring in its order to certain information she claims was not part of the record; (7) granting the extension without proof that she had violated previous domestic violence protective orders; (8) failing to consider evidence submitted with her motion for reconsideration or to hold a hearing on the motion; (9) not addressing who was the "primary aggressor" in the event giving rise to the original protective order; (10) not admitting certain photographic evidence; (11) crediting the plaintiff's testimony regarding certain events; (12) relying upon certain testimony from the plaintiff's witness; and (13) not sequestering the plaintiff's witness.

As the appealing party, the defendant has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. ___, ___, 101 A.3d 1183, 1186 (2014).  Based upon our review of the trial court's order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  <u>See</u> <u>id</u>.

In light of this order, the defendant's motion to strike the plaintiff's brief and appendix and to alter future deadlines, and the plaintiff's motion to strike the defendant's brief and dismiss the appeal, are moot.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**